UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICARDO ALBERTO HERNANDEZ CASALLAS, | )<br>)<br>) |
| Petitioner, | )<br>) |
| v. | ) Case No. CIV-26-53-J<br>) |
| DON JONES, Warden, et al., | )<br>) |
| Respondents. | ) |

## ORDER

Petitioner Ricardo Alberto Hernandez Casallas, a noncitizen from Venezuela, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1]. The matter was referred to United States Magistrate Judge Chris M. Stephens consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Stephens issued a Report and Recommendation recommending that the Court: (1) grant the Petition and (2) order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release him. (Rep. & Rec.) [Doc. No. 13]. Respondents filed a timely objection (Obj.) [Doc. No. 15], triggering de novo review. *See Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023).

For the reasons discussed below, the Report and Recommendation is ADOPTED and the Petition is GRANTED to the extent it alleges Petitioner's lack of bond hearing violates federal law.

**I.    Background**

Petitioner entered the United States on June 12, 2022 and has been living in Cicero, Illinois. On November 4, 2025, Immigration and Customs Enforcement (ICE) officers apprehended Petitioner, and he was placed into removal proceedings that same day. Petitioner is being detained

pending those proceedings. While detained at the Kay County Justice Facility in Newkirk, Oklahoma, Petitioner filed his Petition, asserting that his continued detention without a bond hearing violates the Immigration and Nationality Act (INA) and his Fifth Amendment due process rights.[1]

## II.     Report and Recommendation

Upon review, Judge Stephens concluded that (1) this Court has jurisdiction to consider Petitioner's claims, and (2) Petitioner's continued detention without a bond hearing violates the INA. *See* Rep. & Rec. at 4-24. On the latter finding, Judge Stephens found that Petitioner is not seeking admission as contemplated under 8 U.S.C. § 1225(b)(2)(A) and thus 8 U.S.C. § 1226(a) controls his detention. *See id.* at 9-11.

## III.    Analysis

### A.     Jurisdiction

Respondents first object to Judge Stephens' finding on jurisdiction. Respondents initially contend that under 8 U.S.C. § 1252(g), this Court lacks jurisdiction to hear "any claim arising from the decision or action of the Attorney General or DHS to commence proceedings, adjudicate cases, or execute removal orders." Obj. at 2. In support, Respondents cite *Tsering v. U.S. Immigr. & Customs Enf't*, 403 F. App'x. 339, 342–43 (10th Cir. 2010).

In *Tsering*, the petitioner alleged his substantive and procedural due process rights were violated when ICE removed him based on a false identity that represented him to be a Nepali citizen when he was Tibetan. *See Tsering*, 403 F. App'x at 343. On appeal, the Tenth Circuit held that § 1252(g) precluded jurisdiction because the handling of the petitioner's travel documents was "directly and immediately connected to the execution of his removal order." *Id.* (agreeing with the

---

[1] Because the Court grants Petitioner relief, it declines to address his constitutional claim.

Fifth Circuit that "claims that clearly are included within the definition of 'arising from' are those claims connected directly and immediately with a decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders" (cleaned up; citation omitted).

But eight years after *Tsering*, the Supreme Court held that § 1252(g) must be read narrowly and applied only to "those three specific actions themselves." *Jennings v. Rodriguez*, 583 U.S. 281, 294-95 (2018). Specifically, the court instructed against interpreting § 1252(b)(9)'s "arising from" language in an "expansive" or "extreme" way. *Id.* at 293. As the court explained, "legal questions do not 'arise from' actions taken to remove a non-citizen simply because the legal questions exist in the context of removal proceedings[.]" *Id.* (cleaned up).

Here, Petitioner is simply alleging that his continued detention without a bond hearing is in violation of federal law (the INA). Hence, his claims do not "arise from" and are not directly and immediately connected to the Attorney General's decision to commence proceedings, proceed with the adjudication of Petitioner's case, or any removal order. As such, § 1252(g) does not strip this Court of jurisdiction. *See Perez v. Grant*, No. CIV-25-1560-R, 2026 WL 315065, at *2 (W.D. Okla. Feb. 5, 2026) ("Petitioner is not challenging the discretionary decision to commence a removal proceeding or the process by which his removability will be adjudicated. Instead, he is challenging the legal question of whether he is subject to mandatory detention under § 1225(b)(2)(A) or detention under § 1226(a). As such, his claims do not fall within the narrow jurisdictional bar stated in 8 U.S.C. § 1252(g)); *Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *2 (W.D. Okla. Dec. 16, 2025) ("Accordingly, because Petitioner does not challenge Respondents' decision to commence or adjudicate proceedings or execute removal orders, the Court concludes that 8 U.S.C. § 1252(g) does not jurisdictionally bar consideration of the

3

Petition."); *Diaz v. Holt*, No. CIV-25-1179-J, 2025 WL 3296310, at *1 (W.D. Okla. Nov. 26, 2025) (same); *Mendoza Gutierrez v. Baltasar*, No. 1:25-CV-2720-RMR, 2025 WL 2962908, at *3 (D. Colo. Oct. 17, 2025) ("[Section] 1252(g) does not deprive the Court of jurisdiction to consider the narrow legal questions of whether Mr. Gutierrez's detention under 8 U.S.C. § 1225 violates the INA and whether he is entitled to a bond hearing under § 1226's discretionary detention framework."); *Salvador F.-G. v. Noem*, No. 25-CV-0243-CVE-MTS, 2025 WL 1669356, at *5 (N.D. Okla. June 12, 2025) ("To the extent petitioner's claims challenge his detention as unconstitutional and challenge the extent of DHS's statutory authority to revoke a bond issued by an immigration judge, the Court finds that it has subject-matter jurisdiction.").

In sum, the Court agrees with Judge Stephens that § 1252(g) does not jurisdictionally bar the Petition.

Respondents also invoke 8 U.S.C. § 1226(e) to argue that this Court lacks jurisdiction. *See* Obj. at 3. Again, the Court disagrees. Section 1226(e) states that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." "But 1226(e) does not preclude habeas jurisdiction over constitutional claims or questions of law, such as those at issue here." *Martinez Rodriguez v. Castro*, No. 2:25-CV-01294-KG-JFR, 2026 WL 252503, at *2 (D.N.M. Jan. 30, 2026); *Salvador F.-G. v. Noem*, No. 25-CV-0243-CVE-MTS, 2025 WL 1669356, at *5 (N.D. Okla. June 12, 2025) ("Congress has placed various limits on the exercise of this jurisdiction [including § 1226(e)]. Nonetheless, federal courts retain jurisdiction under § 2241 to review habeas claims by noncitizen detainees who either challenge their detention as

4

unconstitutional or raise questions of law regarding the extent of the government's statutory authority to detain them.").

    **B.**    **Section 1225**

Regarding the merits of Petitioner's INA claim, Respondents object to Judge Stephens' conclusion that § 1226(a) controls Petitioner's detention. Respondents insist that § 1225(b)(2)(A) controls because Petitioner is an applicant for admission and the section unambiguously requires all applicants for admission to be subject to mandatory detention.

The relevant statute here provides:

> [I]n the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

8 U.S.C. § 1225(b)(2)(A).

Respondents insist the section unambiguously requires all applicants for admission to be subject to mandatory detention and urges the Court to find that *any* applicant for admission is automatically deemed an alien seeking admission. But the Court agrees with Judge Stephens that if all applicants for admission are also "seeking admission," then § 1225(b)(2)(A)'s inclusion of the phrase "seeking admission" would be redundant and courts should avoid statutory interpretations that "make any part [of the statute] superfluous."[2] *Fuller v. Norton*, 86 F.3d 1016, 1024 (10th Cir. 1996) (cleaned up). As the Seventh Circuit recently held:

> [A]dmittedly, this argument has some superficial appeal. After all, a person does not apply for something they are not seeking. Moreover, § 1225(a)(3) . . . refers to noncitizens "who are applicants for admission or *otherwise* seeking admission," 8

---

[2] Respondents also argue that Judge Stephens relied too heavily on § 1225's title and statutory headings. But a court may only consider extrinsic evidence to "resolve [textual] ambiguities." *McGraw v. Barnhart*, 450 F.3d 493, 499 (10th Cir. 2006). And as the Court finds § 1225(b)(2)(A) unambiguous, it need not address this objection.

5

U.S.C. § 1225(a)(3) (emphasis added), suggesting that "applicants for admission" are those "seeking admission."  But it is Congress's prerogative to define a term however it wishes, and it has chosen to limit the definition of an "applicant for admission" to "an alien present in the United States who has not been admitted or who arrives in the United States."  8 U.S.C. § 1225(a)(1).  It could easily have included noncitizens who are "seeking admission" within the definition but elected not to do so.

What is more, Defendants' construction would render § 1225(b)(2)(A)'s use of the phrase "seeking admission" superfluous, violating one of the cardinal rules of statutory construction.

*Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025); *see also Maldonado v. Noem*, No. CIV-25-1379-J, 2026 WL 160950, at *2 (W.D. Okla. Jan. 21, 2026) ("This Court agrees with the Seventh Circuit's reasoning, the majority of the other courts in this district, and this Court's prior rulings that based on § 1225(b)(2)(A)'s plain language, the Court concludes that the section only applies when a noncitizen applicant for admission is actively seeking admission into the United States." (cleaned up)).

    C.    **Section 1226**

Having found § 1225(b)(2)(A) inapplicable to Petitioner, the Court agrees with Judge Stephens that § 1226(a) controls his detention.  *See Maldonado*, 2026 WL 160950, at *2-3 (holding that because "Petitioner has been unlawfully living in the United States for many years without seeking admission, § 1225(b)(2)(A) does not apply, and § 1226(a), instead, controls Petitioner's detention.").  And "[n]oncitizens detained under § 1226(a) are generally entitled to a prompt bond hearing before an immigration judge."  *Id.* at 3; *see also Hernandez v. Baltazar*, No. 1:25-CV-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025) (finding similarly situated noncitizen entitled to a bond hearing under § 1226(a)).  Here, Petitioner has not received a bond hearing, and Respondents raise no objection challenging their obligation to provide bond hearings

6

for noncitizens under § 1226(a). Therefore, the Court finds that Petitioner is entitled to a bond hearing and Respondents' failure to provide one violates § 1226(a) of the INA.[3]

## IV. Conclusion

For the reasons above, the Court ADOPTS the thorough and well-reasoned Report and Recommendation [Doc. No. 13] on de novo review and GRANTS Petitioner's Petition in so far as it finds Respondents violated the INA. Accordingly, the Court ORDERS Respondents to provide Petitioner with a prompt bond hearing under 8 U.S.C. § 1226(a) or otherwise release Petitioner. Respondents shall certify compliance within seven business days of this Order's date.

A separate judgment will enter.

IT IS SO ORDERED this 6th day of February, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

---

[3] In their last objection, Respondents complain that Judge Stephens improperly advanced arguments for Petitioner. *See* Obj. at 5. Having reviewed the Petition and Judge Stephens' Report and Recommendation, the Court disagrees.