**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RICARDO ALBERTO HERNANDEZ CASALLAS, | ) ) ) |
| Petitioner, | ) ) |
| v. | )    Case No. CIV-26-053-J ) |
| DON JONES, Warden, et al., | ) ) |
| Respondents. | ) |

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

Petitioner Ricardo Alberto Hernandez Casallas, a noncitizen and Venezuelan national proceeding with counsel, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Bernard M. Jones, II re-referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Before the Court is Petitioner's Motion to Grant Release ("Motion"). Doc. 21. Respondents filed a Response, Doc. 25, and the Motion is at issue. For the reasons outlined below, the undersigned recommends the Court **DENY** Petitioner's Motion.

## I.    **Background**

On January 13, 2026, Petitioner filed his Petition alleging Respondents were illegally detaining him pursuant to 8 U.S.C. § 1225(b)(2)(A) without a bond hearing. Pet. at 13. Petitioner further alleged he was entitled to a bond hearing under 8 U.S.C. § 1226(a). *Id.* On January 29, 2026, after expedited briefing, the undersigned issued a Report and

Recommendation ("R&R") recommending the Court grant the Petition and order a bond hearing under § 1226(a) or otherwise release Petitioner if he does not receive a bond hearing within five days.  Doc. 13 at 25.  On February 6, 2026, the Court issued an Order, largely adopting the undersigned's R&R, and ordered Respondents to provide Petitioner with a "prompt" bond hearing under § 1226(a) or otherwise release him.  Doc. 16 at 7.  The Court also ordered Respondents to certify compliance within seven business days of the Order.  *Id.*  Respondents' certification was due on February 18, 2026.[1]

On February 18, 2026, Petitioner filed a Notice of Non-Compliance with Order, stating no bond hearing had been set and "request[ing] an Order for Immediate release of the Petitioner."  Doc. 18.  The following day, the Court ordered Respondents to respond to Petitioner's Notice.  Doc. 19.  On February 20, 2026, Respondents notified the Court that Petitioner was scheduled for a bond hearing that day at the Kay County Justice Facility where he is detained.  Doc. 20.

On March 5, 2026, Petitioner filed the present Motion for immediate release, alleging his due process rights were violated at the bond hearing.  Mot. at 4.  Specifically, Petitioner alleges he "submitted substantial evidence in advance to the bond hearing," including character letters, a sponsor letter, evidence of previous legal entry into the United States, and evidence of stable employment and residence, but he claims the immigration judge ("IJ") ignored the evidence when analyzing his request for bond.  *Id*. at 1-2, 5-42.  Petitioner also alleges before the bond hearing, "the IJ stated to counsel that the filing of

---

[1] February 16, 2026, was a federal holiday and thus not a business day.

2

the [Pretermit] Motion[2] alone is sufficient grounds to determine that the Petitioner is a flight risk and asked if counsel still wanted to proceed." *Id.* at 3.  Counsel proceeded and the IJ denied Petitioner's bond request, finding him to be a flight risk for several reasons, including the Pretermit Motion.  According to Petitioner, "this decision is not a finding that any reasonable neutral adjudicator could have made" and "was made prior to the commencement of the hearing" without "any meaningful due process."[3]  *Id.* (citation modified).[4]

---

[2] Pretermit Motions filed by the government commonly seek pretermission of a legally insufficient application for asylum for the noncitizen.  *See* Memorandum from Sirce E. Owens, Acting Director of the Executive Office for Immigration Review ("EOIR") (Apr. 11, 2025), *at* https://www.justice.gov/eoir/media/1396411/dl?inline#:~:text=EOIR's%20interpretation%20of%20applicable%20law,)%20(disqualifying%20criminal%20conviction (last accessed Apr. 17, 2026).

[3] Petitioner alleges an appeal to the Board of Immigration Appeals ("BIA") is "hopeless" given recent cases upholding similar IJ decisions that noncitizens are flight risks.  Mot. at 3.  Respondents do not address whether Petitioner exhausted his remedies before filing the Motion.  The undersigned agrees Petitioner did not need to appeal to the BIA before filing this Motion. *See Diaz Ortiz v. Smith*, 384 F. Supp. 3d 140, 142 n.1 (D. Mass. 2019) (finding petitioner "need not exhaust administrative remedies by appealing the immigration judge's denial of bond to the [BIA] insofar as he argues that his hearing was again constitutionally inadequate").

[4] According to EOIR's online case portal, an IJ ordered Petitioner removed on March 13, 2026, and "[n]o appeal was received for this case."  *See* EOIR Automated Case Information, *at* https://acis.eoir.justice.gov/en/caseInformation (last accessed Apr. 17, 2026).  A nonresident has 30 days to appeal the IJ's removal order to the BIA, 8 C.F.R. § 1003.38(b), or else it becomes final.  During the subsequent "removal period" of a noncitizen with a final order of removal, detention is mandatory.  8 U.S.C. § 1231(a)(2).  The parties have not informed the Court whether Petitioner timely appealed the IJ's removal order or whether it is indeed final.  Without advisement from the parties that Petitioner has a final order of removal that impacts his Motion, the undersigned proceeds to address the merits of his claims.

## II.    Analysis

### A.    The Court has jurisdiction to consider Petitioner's Motion.

As a threshold matter, the Court retains jurisdiction to address Petitioner's Motion to the extent it must ensure its judgment has been fully effectuated. *See Pena-Gil v. Lyons*, No. 25-CV-03268, 2026 WL 25143, at *2 (D. Colo. Jan. 5, 2026) (confirming that "because a federal court always retains jurisdiction to enforce its lawful judgments, including habeas judgments, the court has the authority to see that its judgment is fully effectuated" (quoting *Gall v. Scroggy*, 603 F.3d 346, 352 (6th Cir. 2010)); *see also Akhemedov v. Pittman*, No. CV 25-13734, 2026 WL 323404, at *2 (D.N.J. Feb. 6, 2026) (noting "the Court's review of the bond hearing is limited in that it can only determine whether Respondents complied with the Court's [previous habeas] Order").

Further, the undersigned acknowledges 8 U.S.C. § 1226(e) "strips federal courts of jurisdiction to hear challenges to an IJ's discretionary decision to keep a noncitizen in detention." *Nucamendiz v. Hyde*, No. 25-CV-13851, 2026 WL 221449, at *1 (D. Mass. Jan. 28, 2026) (citation modified); *see also Mwangi v. Terry*, 465 F. App'x 784, 787 (10th Cir. 2012) (citing § 1226(e) and noting "the Attorney General's exercise of discretion is not subject to judicial review"). "Thus, a district court has no jurisdiction to consider a habeas petitioner's challenge to the decision to either grant or deny bond." *Kumar v. De Anda-Ybarra*, No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D. Okla. Mar. 17, 2026).

Respondents acknowledge that § 1226(e) "does not, however, deprive [courts] of jurisdiction to hear constitutional challenges to the extent of the Government's detention authority under the statutory framework as a whole." *Nucamendiz*, 2026 WL 221449, at

4

*1 (citation modified); *see* Doc. 25 at 10 (same). This Court similarly recognized earlier in this case that Section "1226(e) does not preclude habeas jurisdiction over constitutional claims or questions of law." *Hernandez Casallas v. Jones*, No. CIV-26-53-J, 2026 WL 324646, at *2 (W.D. Okla. Feb. 6, 2026) (citation modified). In sum, "courts cannot override an immigration judge's bond decision simply because they might have reached a different result," and "habeas relief is appropriate only if the immigration judge's exercise of discretion in denying bond was so arbitrary that it would offend fundamental tenets of due process." *Nucamendiz*, 2026 WL 221449, at *2 (citation modified).

Here, Respondents do not dispute this Court's jurisdiction for limited habeas review because Petitioner's Motion alleges a violation of due process under the Fifth Amendment. *See* Doc. 25 at 4-5. This Court has previously found jurisdiction to consider whether a petitioner's procedural due process rights were violated at an IJ's earlier bond hearing.[5] *See Sin Johal v. Bondi*, No. CIV-25-1408-J, 2026 WL 893185, at *2 (W.D. Okla. Apr. 1, 2026) (agreeing "a procedural due process violation likely occurred" at a bond hearing but was rendered harmless); *see also Daboin Mendez v. Dedos*, No. 26-CV-00394, 2026 WL 973077, at *2 (D.N.M. Apr. 10, 2026) (finding jurisdiction over petitioner's motion to enforce when petitioner raised a constitutional claim that the IJ failed to follow due process when denying bond because it has "authority to ensure compliance with its own habeas

---

[5] Respondents argue substantive due process "is at issue in this case." Resp. at 4. Here, the Court need not decide whether Petitioner's substantive or procedural due process rights are specifically at issue because he fails to establish any due process violation during his bond hearing.

orders"). As such, the Court has jurisdiction over Petitioner's Motion to the extent he challenges his due process at the IJ's bond hearing.

**B.      Petitioner has not demonstrated that the IJ violated his right to due process.**

As noted above, the Court's review of the IJ's decision is limited to whether the IJ exercised his discretion in accordance with the law when denying Petitioner bond. "To make this showing, [petitioner] can either point to the language of the immigration judge's opinion or demonstrate that the evidence itself could not—as a matter of law—have supported the immigration judge's decision to deny bond." *Diaz Ortiz*, 384 F. Supp. 3d at 143 (citation modified). "In a fundamentally fair bond hearing, due process has three essential elements. The noncitizen '(1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests.'" *De Souza v. Soto*, No. CV 25-18734, 2026 WL 102946, at *3 (D.N.J. Jan. 14, 2026) (quoting *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022)).

For habeas relief, Petitioner must show the IJ's "decision was somehow legally erroneous or unconstitutional." *Kumar*, 2026 WL 753944, at *2; *see also, e.g., id.* (denying habeas motion where petitioner failed to allege he was denied the opportunity to present evidence at a bond hearing or that the IJ improperly shifted the burden of proof); *Daboin Mendez*, 2026 WL 973077, at *2 (granting habeas petitioner's motion to enforce where IJ did not appropriately shift the burden to the government at the bond hearing as ordered by

the district court); *Garcia v. Hyde*, No. 25-CV-585, --- F. Supp. 3d ---, 2025 WL 3466312, at \*11 (D.R.I. Dec. 3, 2025) (granting habeas because the IJ failed to apply the correct standard and ignored two key documents).

Petitioner fails to make any such showing here. His Motion is framed as a constitutional challenge that his bond hearing did not comply with due process, *see* Mot. at 3, but he fundamentally asks the Court to re-weigh the evidence presented at the bond hearing and to reach a different result from the IJ. Petitioner alleges he "submitted substantial evidence" in support of his bond request and attaches the relevant documents. *Id*. at 1. This evidence, he argues, demonstrates he is not a flight risk and so the IJ should not have made such a finding. *See id.* at 2 ("The Immigration Judge ignored the filed evidence demonstrating fixed address, employment, prior legal status, compliance with ICE obligations, significant family and community ties, and other favorable equities that Petitioner has when analyzing his request for bond."). However, "after full consideration of the evidence presented," the IJ determined Petitioner is a flight risk because of his "lack of ties to the USA; recent entry and manner of entry," and "a pending pretermit motion." Doc. 25-1 at 1 (IJ Order) (citation modified).

Thus, Petitioner has not demonstrated a violation of his right to due process. He has not, for example, alleged the IJ applied the wrong standard of proof. *See, e.g., Kumar*, 2026 WL 753944, at \*2 (finding petitioner's arguments do not warrant habeas relief where "[p]etitioner does not indicate that he was denied the opportunity to present evidence at the bond hearing or that the IJ improperly shifted the burden of proof"). Additionally, while Petitioner generally alleges the IJ failed to consider his evidence, he offers no record

support that the IJ refused to consider a specific document when making the determination or that failure to consider any document impacted the IJ's final determination. *See De Souza*, 2026 WL 102946, at *3 (denying petitioner's motion to enforce a habeas judgment where evidence showed "the IJ did not 'summarily' deem Petitioner a flight risk" but rather conducted an individualized review); *accord Garcia*, 2025 WL 3466312, at *11 (granting habeas because the IJ failed to apply the correct standard and the record showed the IJ ignored two key documents). Further, the IJ's order specifically states he considered all the evidence Petitioner presented. Doc. 25-1 at 1. This can be true even if the IJ indicated to Petitioner's counsel that the Pretermit Motion was enough to support a finding that he is a flight risk.

Finally, Petitioner acknowledges he was allowed to present evidence and the IJ considered the evidence. And nothing in the IJ's decision indicates the IJ failed to consider or improperly considered the evidence Petitioner presented. *See, e.g., Nucamendiz*, 2026 WL 221449, at *2 (finding the IJ's determination petitioners were a flight risk did not violate due process because "Respondents and Petitioners were each permitted to present evidence of risk of flight at their respective hearings, and the reasons given by the immigration judge were, in each case, specific to the petitioner's circumstances and plausibly related to the risk that the petitioner would abscond").

The undersigned acknowledges the IJ's order—provided to the Court by Respondents—lacks much detail. But Petitioner fails here to point to any document the IJ didn't consider; nor has he otherwise proven he did not receive a true individualized

hearing.[6] Notably, while Petitioner contends the outcome was pre-determined because the IJ told his counsel the Pretermit Motion alone was enough to show a flight risk, the IJ's Order included additional reasons—lack of ties to the country and manner of entry—as to why Petitioner was not entitled to bond.  Doc. 25-1.  Accordingly, the IJ's decision was not so arbitrary that it offends fundamental tenets of due process, and Petitioner's Motion should be denied.

### III.    Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DENY** Petitioner's Motion.  The parties are advised of their right to object to this Supplemental Report and Recommendation.  *See* 28 U.S.C. § 636.  Any objection must be filed not later than **April 24, 2026**.  *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party wishes to respond to the other party's objections, such response must be filed not later than **April 29, 2026**.  *See* Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Supplemental Report and Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

---

[6] Petitioner fails even to provide the Court with the IJ's order, which Respondents attached to their Response.  Doc. 25-1.  Petitioner also did not file an optional Reply.  His bare-bones Motion alone does not provide the Court with sufficient allegations to show no individualized consideration without asking the Court to re-weigh the evidence, which is explicitly prohibited under 8 U.S.C. § 1226(e).

**ENTERED** this 17th day of April, 2026.

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE